UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OHIO    NATIONAL    LIFE    ASSURANCE
CORPORATION,

                Plaintiff,

vs.                           Case No.   3:06-cv-290-J-33MCR


CHRISTOPHER    LANGKAU    and    ERIK    T.
CLAY,

                Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Erik T. Clay's Request/Motion for Relief from Order (Doc. # 41), which was filed on July 18, 2006.

Clay's filing constitutes a motion for reconsideration of this Court's Order of July 10, 2006 (Doc. # 34), which denied Clay's motion for default judgment against a co-defendant.

In his filing, Clay requests the following relief:

> Clay respectfully requests relief from the Court's Order that denied his Motion for Default/Judgment, by reconsideration of the Court based on the grounds and authority cited by Clay's Default Motion; that the Court reconsider its previously rendered Order and grant the relief requested in Clay's Reply to C. Langkau's Objection and Response to his Default Motion (to enter a Default/Judgment against Defendant C. Langkau; that the Court will determine that Erik T. Clay is the rightful person who is entitled to the proceeds of the Policy #6688890; and that the Court will enter its Order directing payment to Clay of such proceeds on deposit with this Court's Registry including all interest due him to date of payment in hand); and that the Court will deny Ohio's request for attorney's fees against him.

(Doc. # 41 at 4).

**Legal Standard**

Federal Rule of Civil Procedure 59(e) or 60 governs motions for reconsideration.  Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).  The time when the party filed the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id.  Because the present motion was filed within ten days of the order it seeks the Court reconsider, the motion will be decided under Federal Rule of Civil Procedure 59(e).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d

at 1308.   Further, as explained in <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.   In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

A trial court's denial of a motion for reconsideration is reviewed for an abuse of discretion.  <u>O'Neal v. Kennamer</u>, 958 F.2d 1044, 1047 (11th Cir. 1992).

In the case of the present motion, Defendant attempts to relitigate issues already decided by the Court in the Order denying Clay's motion for default or default judgment (Doc. # 34).   Clay does not assert that there has been an intervening change in the law, and he presents no new evidence.   In addition, Clay fails to argue that reconsideration is necessary to prevent manifest injustice or clear error.   The Court stands behind its Order of July 10, 2006 (Doc. # 34), which denied Defendant Clay's motion for default or default judgment.   The Court there held, as it does today, that a default or default judgment against Defendant Christopher Langkau would be inappropriate.   Upon due consideration, Defendant Erik T. Clay's Request/Motion for Relief from Order (Doc. # 41) is **DENIED.**

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Erik T. Clay's Request/Motion for Relief from Order (Doc. # 41) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 20th day of July, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties of Record