UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Ohio National Life Assurance Corporation,

    Plaintiff,

vs.                                            Case No.  3:06-cv-290-J-20MCR

Christopher Langkau and Eric T. Clay,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Affirmative Defenses of Defendant, Eric T. Clay (Doc. 14) filed June 2, 2006.  Defendant Eric T. Clay ("Defendant") filed his response on June 30, 2006 (Doc. 28).  Accordingly, the matter is ripe for judicial review.

On May 16, 2006, Defendant filed his Answer to Complaint for Interpleader (Doc. 5) which includes twelve affirmative defenses.  Plaintiff moved to strike Defendant's Second through Tenth affirmative defenses[1] pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  In its Motion to Strike, Plaintiff argues Defendant's Second through Tenth affirmative defenses are insufficient and do not comport with Fed. R. Civ. P. 8(c).

---

[1] Although Plaintiff moves to strike Defendant's "affirmative defenses," Defendant did not actually label them "affirmative defenses;" he merely labeled them "Defenses."  Both parties, however, have treated them as affirmative defenses in the briefs on the instant Motion.

Rule 12(f) establishes the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Thus, under Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, "'[a] motion to strike is a drastic remedy' which is disfavored by the courts."  Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. Am. President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).  Further, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."  Id.

In arguing the defenses should be stricken, Plaintiff does not allege prejudice will result if the defenses are permitted, nor does it argue the defenses confuse the issues.  It merely asserts the defenses "appear to be a recitation of allegations, choice of law, legal theory and argument" and are insufficient as a matter of law.  (Doc. 14).  Plaintiff does not attempt to demonstrate the insufficiency of each affirmative defense it alleges is defective, but rather it asserts "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense.  (Doc. 14, p. 2) (citing Flav-O-Rich, Inc. v. Rawon Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988).  As such, the Court

will conduct an analysis of Defendant's Second through Tenth affirmative defenses to determine whether they are properly asserted as affirmative defenses and if not, whether the Court should strike them.

Defendant is proceeding pro se in the instant action. Pleadings by pro se litigants are governed by less stringent standards than those drafted by attorneys and thus, this Court must construe Defendant's defenses liberally. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Rule 8(c) of the Federal Rules of Civil Procedure sets forth the general rules for pleading affirmative defenses. It contains a non-exhaustive list of proper affirmative defenses and concludes the list by stating a party may set forth "any other matter constituting an avoidance or affirmative defense." Additionally, the Eleventh Circuit has defined affirmative defenses as "[defenses] raised for the purpose of avoiding claims made by another party." Weaver v. Florida Power & Light Co., 172 F.3d 771, 774 (11th Cir. 1999).

"An affirmative defense should not be stricken where there is a bona fide question of fact." Antoniou v. Thiokol Corp. Group Long Term Disability Plan (Plan No. 503), 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) (quoting Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). In addition, if the defense raises significant legal and factual questions, it is not appropriate to strike it as insufficient when the movant has not shown that prejudice will result. See Fla. Software Sys., Inc., 1999 WL 781812, at *1.

In its Second Defense, Defendant argues Plaintiff cannot validly assert there are conflicting claims which lead Plaintiff to doubt who is entitled to the proceeds of the policy because Plaintiff acknowledged and recognized Defendant as the primary beneficiary and assignee of the policy.  Therefore, Defendant argues Plaintiff's Complaint for Interpleader is improper.  While Plaintiff is correct that this defense attempts to point out a defect in Plaintiff's *prima facie* case and is thus, not properly plead as an affirmative defense, the Court is not persuaded that it should strike it.  Rather, the Court elects to treat this Second Defense as a specific denial of Plaintiff's allegation that Plaintiff is in doubt as to which defendant is entitled to receive the proceeds of the policy.  Importantly, this defense raises an issue of fact relevant to Plaintiff's Complaint.

The Court finds the reasoning set forth in Etienne v. Wal-Mart Stores Inc. persuasive on this point.  197 F.R.D. 217, 220-21 (D. Conn. 2000).  In Etienne, the defendant attempted to assert an affirmative defense; however, as in this case, the Court found the defense merely negated an element of the plaintiff's claim.  Id. at 221.  The court noted the proper remedy was not to strike the claim, but instead to treat such defense as a specific denial.  Id.  In doing so, it quoted Charles Alan Wright & Arthur R. Miller:

> In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial.  But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader.  If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology.

> The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader. Furthermore, the Supreme Court in New York Life Ins. Co. v. Gamer, which was decided during the same year in which the federal rules were adopted, held that an improper designation of a denial as an affirmative defense should be disregarded and plaintiff put to this proof as if defendant's negative averment had been properly labeled as a specific denial.

Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1269 (2ed. 1991), pp. 409-10 (footnotes omitted)) (citing New York Life Ins. Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500 (1938)). The Court is persuaded by this reasoning and therefore, Defendant's Second Defense should not be stricken.

The Court has considered each of Defendant's remaining affirmative defenses at issue in this case and adopts the reasoning set forth above with respect to Defendant's Third, Fourth, Fifth, Sixth, Seventh, Eight and Tenth Defenses. In each of these defenses, Defendant attempts to show why Plaintiff's Complaint for Interpleader is improper. The Court will not strike these defenses; instead, it will treat each of them as specific denials.

Notably, these Defenses are specific denials of allegations within Plaintiff's Complaint and/or of Plaintiff's authority to file an Interpleader action. For instance, in his Third Defense, Defendant argues the policy should be strictly construed by its plain terms and the plain terms of the policy demonstrate Defendant is the proper beneficiary of the Policy. As such, Defendant argues Christopher Langkau's claim for proceeds cannot be valid. Again, Defendant essentially denies Plaintiff's allegation that there are

conflicting claims for the proceeds of the Policy which entitle Plaintiff to bring a claim for Interpleader.  Defendant's Fourth Defense is also an attempt to show Plaintiff improperly filed a Complaint for Interpleader, albeit for a different reason -- namely, Defendant argues Plaintiff improperly brought its Interpleader action before receiving the necessary verification of the insured's cause and/or manner of death, which was a prerequisite to a valid claim by any beneficiary of the policy.  Defendant's Fifth Defense simply denies the policy attached to the Complaint is a true and complete copy of the policy.

Defendant's Sixth Defense denies Plaintiff has authority to bring a claim for Interpleader because the Policy was properly assigned as a result of Plaintiff's own procedures and request and thus, Plaintiff has no standing to file suit.  In his Seventh Defense, Defendant also argues Plaintiff improperly brought a complaint for Interpleader and has no standing to file suit because it has not shown extraordinary circumstances which allow it to file suit and because Plaintiff failed to resolve the allegedly conflicting claims on its own.  Defendant argues, in his Eighth Defense, that Plaintiff's complaint is frivolous and Defendant specifically denies Plaintiff's allegation it is entitled to recover attorney's fees and costs for bringing the Interpleader action.  Finally, Defendant argues, in his Tenth Defense, Plaintiff's Complaint for Interpleader should fail because, according to the provisions of the policy, Plaintiff can only contest the policy if it believes the insured made a false statement with regard to his smoking status.  Defendant contends the insured made no such false statement.

Notably, the Court finds each of these "affirmative defenses" are specific denials of allegations within the Complaint and/or denials of Plaintiff's right to assert an action for Interpleader.  Thus, although not properly plead as affirmative defenses, the Court does not find it is appropriate to strike such defenses.  See e.g., Etienne, 197 F.R.D. at 221 (finding the proper remedy is to treat defenses as denials rather than striking them when they are incorrectly labeled affirmative defenses); see also Fox v. Trans World Airlines, Inc., 20 F.R.D. 565, 568 (E.D. Pa 1957) ("Whether a defense must be pleaded affirmatively or can be proven under a general denial will not be decided on a motion to strike the defense.") (citations omitted).  The defenses raise factual issues which are relevant to the Complaint.  They do not confuse the issues, nor do they prejudice Plaintiff in any way.  They merely indicate Defendant's intention to contest Plaintiff's allegations in the Complaint and they provide Plaintiff with notice of such.  Moreover, the allegations support Defendant's Motion to Dismiss Plaintiff's Complaint for Interpleader, which is pending before this Court.

Defendant's Ninth Defense presents a different issue.  Although not artfully pleaded, the Court finds Defendant's argument in this defense is an attempt to assert a counterclaim against Plaintiff for additional interest stemming from the proceeds of the policy. While Defendant recognizes Plaintiff has deposited the proceeds of the policy into the registry of the Court, he argues the money Plaintiff deposited is insufficient.  Defendant seeks additional interest from Plaintiff at the rate of 11% per annum as set forth in the third paragraph of the Payment of Proceeds provision in the policy at issue.

Although the Court finds Defendant was mistaken in designating this argument as a defense, Rule 8(c) of the Federal Rules of Civil Procedure is instructive on how to proceed.  Rule 8(c) provides "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."  Fed. R. Civ. P. 8(c).  Consequently, the Court will treat Defendant's Ninth Defense as a Counterclaim against Plaintiff.   Defendant has, however, already asserted a Counterclaim against Plaintiff which seeks proceeds from the relevant policy, including the 11% interest per annum.  Thus, at first glance Defendant's Ninth Defense appears to be redundant of his Counterclaim; however, Defendant's Ninth Defense sets forth additional details, that are not alleged in the Counterclam, with respect to his claim for interest on the proceeds.  Specifically, it sets forth the provision in the policy which Defendant claims authorizes such interest to be paid to him.  Because the Ninth Defense supports Defendant's Counterclaim, and is not wholly redundant of such, the Court also denies Plaintiff's request to strike Defendant's Ninth Defense.

After due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Strike Affirmative Defenses of Defendant, Erik T. Clay (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of

August, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party