UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OHIO NATIONAL LIFE ASSURANCE CORPORATION,

                Plaintiff,

vs.                                        Case No. 3:06-cv-290-J-33MCR

CHRISTOPHER LANGKAU and ERIK T. CLAY,

                Defendants
_____/

**ORDER**

    This matter comes before the Court pursuant to claimant Erik Clay's Motion to Dismiss Presenting Defenses of Failure to State a Cause of Action for Complaint for Interpleader (Doc. # 6, p. 20), filed on May 16, 2006, as part of a larger composite document. Stakeholder Ohio National filed a response on May 26, 2006. (Doc. # 9.) Clay's motion to dismiss makes the bare assertion that Ohio National's complaint fails to state a cause of action for which relief can be granted. Clay's motion then incorporates by reference "[t]he grounds, facts, and evidence (Exhibits)" contained in Clay's composite document. The Court has spent long hours poring over Clay's composite document and is unable to find any legal argument addressing Clay's assertion that Ohio National's

complaint for interpleader fails to state a claim.[1]  Nevertheless, the Court has spent considerable time and effort analyzing the appropriate legal arguments that could have been made and finds that, for the reasons discussed below, Clay's Motion to Dismiss Presenting Defenses of Failure to State a Cause of Action for Complaint for Interpleader should be denied.

## I. **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party."  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is

---

[1]The Court strongly cautions Clay that he should make his legal arguments as required by Local Rule 3.01(a).  Rule 3.01(a) requires that a movant "include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request."

entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003) (quoting Conley, 355 U.S. at 47).

## II. BACKGROUND

Ralph Langkau died intestate on January 10, 2005. (Doc. # 1, p. 2.) His life was insured in the amount of $100,000 by Ohio National Life Assurance Corporation. Id. at 1. On March 30, 2006, Ohio National filed an interpleader complaint requesting that this Court adjudicate entitlement to the life insurance proceeds between those claiming such entitlement. Id. at 2. The complaint named Christopher Langkau and Erik Clay as claimants to the proceeds. Id. The complaint also stated that Ohio National had no interest in the proceeds. Id.

Chris Langkau claims the life insurance benefits as an heir of Ralph Langkau and as the personal representative of Ralph Langkau's estate. (Doc. # 16, p. 3.) Clay claims the life insurance proceeds as the named beneficiary of the insurance contract. (Doc. # 6, p. 3.) It appears Clay is unrelated to Ralph Langkau. (Doc. # 16, p. 3.) Apparently, Clay came to be the named beneficiary of the insurance contract as a result of Clay's sale of land to Ralph Langkau. Id. Clay held a mortgage on the land he sold to Ralph Langkau, and the life insurance contract served as collateral. Id.

Chris Langkau appears to dispute this story, implying that no land transaction ever occurred. Id. at 3-4.

## III. ANALYSIS

Interpleader proceeds in two stages. Fidelity Brokerage Servs. v. Bank of China, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002). At the first stage, the Court determines whether interpleader is proper. Id. For interpleader to be proper, the stakeholder must show that the stakeholder has been or may be subjected to adverse claims that could expose the stakeholder to multiple liability on the same fund. The adverse claims need not be formal, and the stakeholder need not judge the merits of the claims. The merits are not evaluated until the second stage. Id. This matter is currently at the first stage, and claimant Clay argues that interpleader is not proper.

"In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it." Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974).[2] A stakeholder demonstrates such entitlement when the stakeholder shows that adverse claims could bring about multiple liability. Fed. R. Civ. P. 22.[3] To state a cause of action for interpleader, a stakeholder

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to close of business on September 30, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981).

[3] At this point, the Court notes that this appears to be a rule interpleader action. Statutory interpleader requires minimal

4

need only "demonstrate that he has been or may be subjected to adverse claims."  Dunbar, 502 F.2d at 511.  More specifically, "[r]ule interpleader requires the presence of claims that expose the plaintiff [stakeholder] to double or multiple liability." Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir. 1968).  The essential requirement for rule interpleader is that the stakeholder "is or may be exposed to double or multiple liability."  Fed. R. Civ. P. 22.[4]

---

diversity among the claimants, that is, at least one claimant must be of diverse citizenship from another claimant.  State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967).  Rule interpleader, by contrast requires complete diversity between the stakeholder and the claimants.  4 Moore's Federal Practice § 22.04[2][a] at 22-51 (Matthew Bender 3d ed. 2002).

In this case, there is no allegation that there is minimal diversity among the claimants.  Indeed, it appears likely that both named claimants are Florida citizens.  There is no suggestion that any other claimant is of diverse citizenship.

[4]Rule 22 provides, in full,

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.  It is not a ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants.  A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.  The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title

These claims need not be formal or fully developed; it is sufficient that the stakeholder <u>may</u> be subjected to them. <u>See Dunbar</u>, 502 F.2d at 511 ("Although interpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants, a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or <u>may be</u> subjected to adverse claims." (internal citations omitted) (emphasis added)). Rule 22 requires only that the claims be such that the stakeholder "<u>may be</u> exposed to double or multiple liability." Fed. R. Civ. P. 22 (emphasis added). "The key to the clause requiring exposure to 'double or multiple liability' is in the words 'may be.' The danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice." <u>Pan American Fire & Cas. Co. v. Revere</u>, 188 F. Supp. 474, 480 (E.D. La. 1960). All that is required is that the stakeholder legitimately fears multiple litigation directed against a single fund. <u>John Alden Life Ins. Co. v. Vanlandingham</u>, No. 5:04-cv-538, 2006 U.S. Dist. LEXIS 34574 (M.D. Fla. May 30, 2006) (granting rule interpleader and discharging stakeholder where stakeholder "had legitimate fears of

---

    28, U.S.C. §§ 1335, 1397, and 2361.  Actions under those provisions shall be conducted in accordance with these rules.

Fed. R. Civ. P. 22.

multiple litigation against a single fund"); see also Fidelity Brokerage Servs. v. Bank of China, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002).

At the first stage, no analysis is made of the merits of the claims against the fund. Id. This is required because the purpose of interpleader is to relieve an innocent stakeholder of the risky business of deciding which of multiple claimants is entitled to a fund. Id. Interpleader allows a stakeholder to place that burden on the Court. In re Mandalay Shores Coop. Housing Ass'n, Inc., 21 F.3d 380 (11th Cir. 1994). The Court shoulders that burden by deciding among claimants at the second stage. Thus, interpleader will be proper -- a decision made at the first stage -- even if it appears at the outset that a particular claimant has the strongest claim to the fund. John Alden Life Ins. Co., 2006 U.S. Dist. LEXIS 34574, at *12 n.4 (M.D. Fla. May 30, 2006); see also Bank of New York v. Rubin, No. 05-CIV-4926, 2006 U.S. Dist. LEXIS 10215, at *17 (S.D.N.Y. Mar. 15, 2006) ("It is immaterial whether the stakeholder believes that all claims against the fund are meritorious. Indeed, in the usual case, at least one of the claims will be quite tenuous." (quoting 7 Charles Alan Wright, et al., Federal Practice & Procedure § 1704)). Interpleader will be denied at the first stage only where one claimant was so obviously entitled to the fund that "the stakeholder's assertion of multiple claims [was] not made in good faith." Rubin, 2006 U.S. Dist. LEXIS 10215, at *17. Thus,

7

interpleader is proper where more than one claim passes a very low threshold of substantiality.

In this case, it is clear that interpleader is proper. Ohio National has been subject to adverse claims of entitlement to the proceeds of a single life insurance policy. Interpleader would be proper even on informal claims, but the record reveals that two claimants have filed court papers in this case claiming the proceeds of the life insurance policy. Finally, it cannot be said that one of these claims is so insubstantial that Ohio National's assertion of multiple claims was not made in good faith. Accordingly, this Court denies claimant Clay's motion to dismiss.

## IV. CONCLUSION

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Claimant Erik Clay's Motion to Dismiss Presenting Defenses of Failure to State a Cause of Action for Complaint for Interpleader (Doc. # 6, p. 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2d day of November, 2006.

                                    *Virginia M. Hernandez Covington*
                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record