UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OHIO NATIONAL LIFE ASSURANCE CORPORATION,

           Plaintiff,

vs.                                      Case No. 3:06-cv-290-J-33MCR

CHRISTOPHER LANGKAU and ERIK T. CLAY,

           Defendants
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Motion to Be Dismissed from Pending Action (Doc. # 48), filed in this interpleader action by stakeholder Ohio National on September 12, 2006. No party has filed a response to this motion.

Stakeholder Ohio National stated that it has deposited the life insurance proceeds with interest, that are in issue in this case, into the registry of the Court, and that Ohio National has no further interest in this case. (Doc. # 48.) Accordingly, Ohio National requests an order dismissing it from this case, discharging it from further liability on the insurance proceeds, and granting reasonable attorney fees incurred in this interpleader action. Id.

Ohio National is entitled to be dismissed from this action. Ohio National has no interest in the insurance proceeds, and Ohio National has deposited those funds into the Court's registry. "The

1

law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard." Kurland v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (citing Central Bank of Tampa v. United States, 838 F. Supp. 564, 567 (M.D. Fla. 1993)).  The dispute in this case is really between the claimants.  In such cases, "[i]nterpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims." Id. at 422.  The Eleventh Circuit described the proper course of an interpleader action:

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.  A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.

In re Mandalay Shores Coop. Housing Ass'n, Inc., 21 F.3d 380 (11th Cir. 1994).  Thus, it is clear that an innocent stakeholder should be dismissed from an interpleader action once the stakeholder has given the disputed asset to the Court's registry.  Ohio National has done this.  Accordingly, the Court dismisses Ohio National from this action.

Ohio National's motion also requests that each claimant be

"restrained from instituting any action against OHIO NATIONAL for the recovery of the proceeds or premiums of the Policy." (Doc. # 48, p. 2.)  The Court interprets this as a request for an injunction forbidding the claimants from instituting a lawsuit for the recovery of the proceeds or premiums of the life insurance policy in question.  "[C]ourts may enter an order relieving the [stakeholder] of further responsibility and enjoin the interpleaded defendant from bringing further action against that [stakeholder] with regard to the disputed funds." Kurland, 919 F. Supp. at 421 (citing Central Bank of Tampa, 838 F. Supp. at 567.)  In this case, the Court grants the claimants an additional ten days from the date of this order to respond to Ohio National's motion for injunctive relief.  If the claimants do not respond within ten days of the date of this Order, the Court will enter an injunction granting Ohio National the relief it seeks.

Finally, Ohio National's motion requests an award of reasonable attorney fees and costs incurred in the prosecution of this interpleader action.  Because this interpleader action arose in the normal course of Ohio National's business, the Court declines to award attorney fees and costs. See, e.g., In re Mandalay Shores Coop. Housing Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

3

1.   Plaintiff's Motion to Be Dismissed from Pending Action (Doc. # 48), filed by stakeholder Ohio National on September 12, 2006, is **GRANTED IN PART** and **DENIED IN PART**.

2.   Ohio National's request to be dismissed from this interpleader action is **GRANTED**.

3.   Ohio National's request for an injunction barring the claimants in this interpleader action from instituting further lawsuits to recover the proceeds or premiums of the life insurance policy at issue is taken under advisement.  If claimants Clay and Langkau object to the injunctive relief requested by Ohio National, claimants Clay and Langkau shall respond within ten days of the date of this Order.  If claimants Clay and Langkau do not respond within ten days of the date of this Order, the Court will enter an injunction barring claimants Clay and Langkau from instituting additional proceedings to recover the proceeds or premiums of the life insurance policy at issue.

4.   Ohio National's request for its attorney fees and costs incurred in bringing this interpleader action is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2d day of November, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record