UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OHIO NATIONAL LIFE ASSURANCE CORPORATION,

        Plaintiff,

v.                                      Case No. 3:06-cv-290-J-33MCR

CHRISTOPHER LANGKAU and ERIK T. CLAY,

        Defendants.
_____/

**ORDER**

    This cause comes before the Court sua sponte. Upon reviewing the record in this case, the Court noted that Patsy Campbell was acting as a representative for pro se claimant Erik Clay. (Doc. #66.) On June 18, 2007, the Court ordered Clay to file a notice stating the authority under which Campbell purported to act as Clay's representative in this litigation. The Court directed Langkau to file a response. (Doc. #66.) Clay filed his notice on June 25, 2007. (Doc. #70.) Langkau submitted a response on June 26, 2007. (Doc. #75.)

    In his notice, Clay stated that Campbell's authority derived from a power of attorney Clay filed on June 15, 2006. By this power of attorney, Clay granted Campbell authority to act on his behalf in matters concerning the case at bar. According to Clay,

1

his work and family responsibilities made this action necessary to ensure communication with all parties. (Doc. #70, at 5.) Since Clay filed the Power of Attorney, questions have arisen regarding the scope of Campbell's authority to act as Clay's representative in this litigation. (<u>See, e.g.</u>, Docs. #66, 70-75.) It appears Campbell has taken broad action on Clay's behalf. Significantly, in his Amended Motion for Protective Order, filed June 26, 2007, Clay states that he "authorized his Representative Patsy Campbell POA, to fully cooperate with opposing Counsel on the <u>subject matter</u>, which Patsy Campbell has done." (Doc. #73 at 2 (emphasis added).) Among other things, Campbell has: (1) received a substantial number of phone calls on behalf of Clay from opposing counsel (<u>see, e.g.</u>, Doc. #58 at 1; Doc. #60, Doc. #61; Doc. #74 at 2); (2) communicated Clay's objection, or lack thereof, to opposing counsel's motions (<u>see, e.g.</u>, Doc. #58 at 5; Doc. #65 at 1; Doc. #73 at 4; Doc. #74 at 2); (3) ascertained whether opposing counsel objected to motions filed by Clay (Doc. #73 at 4), (4) "agreed . . . to an extension of discovery" (Doc. #60 at 1; Doc. #73 at 2); and (5) "discussed this case, including the merits, scheduling, and objections" with opposing counsel (Doc. 75 at 1). Most recently, Campbell's ambiguous involvement has caused confusion between the parties over the scheduling of Clay's deposition. (Doc. #58; Doc. #60; Docs. #71-74.)

While Clay may prosecute his claims pro se, 28 U.S.C. § 1654

("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."), "that privilege is personal to him" as a party to this case, <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) (citations omitted).  In other words, he may not allow a non-attorney to exercise that privilege on his behalf, even through a power of attorney.  "[A] power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law."[1] <u>Jacox v. Dep't of Defense</u>, No. 5:06-cv-182, 2007 U.S. Dist. LEXIS 1871, at *4 (M.D. Ga. 2007).  Moreover, it is irrelevant whether the non-attorney is paid or unpaid.  <u>The Florida Bar v. Smania</u>, 701 So. 2d 835, 836 (Fla. 1997) ("[C]ompensation is not a necessary element of proving that an individual has engaged in the unlicensed practice of law.").

A non-lawyer may run afoul of the rules against unlicensed practice of law even without appearing in court.  <u>The Florida Bar Re: Advisory Opinion on Nonlawyer Representation in Securities Arbitration</u>, 696 So. 2d 1178, 1181 (Fla. 1997) (citing <u>State ex</u>

---

[1] This rule applies regardless of whether the non-lawyer representative possessing power of attorney is a family member of the pro se party. <u>See, e.g.</u>, <u>Osei-Afriyie v. Medical College of Pennsylvania</u>, 937 F.2d 876, 882-83 (3d Cir. 1991) (remanding appeal sua sponte because father, while having the right to hire an attorney for his injured, minor children, did not have the right to represent minor children in court himself); <u>see also</u>  <u>Meeker v. Kercher</u>, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold . . . a minor child cannot bring suit through a parent . . . if the parent is not represented by an attorney.").

rel. Florida Bar v. Sperry, 140 So. 2d 587, 591 (Fla. 1962), vacated on other grounds, 373 U.S. 379); see generally 7 Am. Jur. 2d, Attorneys at Law § 118 (discussing the unlicensed practice of law). For example, "preparation of legal documents by a nonlawyer for another person to a greater extent than typing or writing information . . . on a form constitutes the unlicensed practice of law." See The Florida Bar v. Miraville, 761 So. 2d 1049, 1051 (Fla. 2000) (holding that defendant practiced law when she admitted that she "(a)engaged in oral communications to obtain information to prepare . . . documents; (b) took information from other documents in order to prepare . . . documents; (c) engaged in legal research with regard to [the] documents; and, (d) drafted and typed [the] documents"). Similarly, "[c]orresponding with opposing parties or the attorneys of opposing parties as the representative of a customer in a legal matter" is the practice of law. The Florida Bar v. We Are the People Forms and Service Center of Sarasota, Inc., 883 So. 2d 1280, 1282 (Fla. 2004). Simply giving legal advice and counsel is the practice of law where "the reasonable protection of the rights and property of those advised . . . requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen." The Florida Bar Re: Advisory Opinion on Nonlawyer Representation in Securities Arbitration, 696 So. 2d at 1181 (quoting Sperry, 140 So. 2d at 591); see also The Florida Bar

v. Neiman, 816 So. 2d 587, 595 (Fla. 2002).  The Florida Supreme Court has held that "serving as a primary contact for conferences on legal disputes, . . . attempting to argue and advocate the merits of cases, . . . evidentiary issues, [and] discovery matters" constitutes the practice of law.  Neiman, 816 So. 2d at 588, 599.  In addition, federal law prohibits a non-lawyer from representing a pro se defendant in  "the conduct of depositions."  Harris, No. 06-CV-2192, 2006 U.S. Dist. LEXIS 76765, at *8 (E.D. Pa. Oct. 20, 2006).

Although the Court declines to decide whether Campbell's actions thus far constitute the unlicensed practice of law, the Court cautions Clay and Campbell that Campbell must refrain from performing any service for Clay in this litigation that constitutes the practice of law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Campbell shall not perform any service for Clay constituting the practice of law.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2nd day of July 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties and counsel of record.