```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

OHIO NATIONAL LIFE ASSURANCE CORPORATION,

        Plaintiff,

v.                              Case No. 3:06-cv-290-J-33MCR

CHRISTOPHER LANGKAU and ERIK T. CLAY,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to a slew of motions and objections seeking to clarify Langkau's right to file a second amended motion for summary judgment (Doc. # 81), which Langkau filed on the deadline for dispositive motions, July 25, 2007. On August 1, 2007, Clay filed "Defendant Erik T. Clay's Objection to the Filing of Crossclaimant Christopher Langkau as Personal Representative of the Estate of Ralph L. Langkau's Second Amended Motion for Summary Judgment/Motion to Strike/Motion to Dismiss." This same document was docketed once as Clay's objection (Doc. # 97) and again as Clay's motion (Doc. # 98). On August 9, 2007, Langkau filed a response to Clay's objection (Doc. # 100) and a response to Clay's motion (Doc. # 101). In addition, Langkau filed a motion seeking leave to file his second amended motion for summary judgment. (Doc. # 102.) Clay has not filed a response, but Langkau represents that his counsel conferred with Clay and

that Clay opposes Langkau's motion to amend.

In Clay's motion, he seeks an order striking Langkau's second amended motion for summary judgment. (Doc. # 98, at 3.) Clay argues that Rule 15 of the Federal Rules of Civil Procedure required Langkau to obtain leave of court before filing his second amended motion for summary judgment. (Doc. # 98, at 3.) Langkau agrees (Doc. # 101) and thus seeks leave to file his motion (Doc. # 102). Both Clay and Langkau are mistaken. On July 25, 2007, Langkau had a right to file his second amended motion for summary judgment, and he was not required to seek leave of court before doing so. For that reason, the Court denies Clay's motion and denies as moot Langkau's motion for leave to amend.

It appears the parties misread Rule 15(a), which provides:

> A party may amend that party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15 thus applies to <u>pleadings</u>, and it appears the parties misread the rule as applying to motions as well. It does not.

Motions are not pleadings. Rule 7(a) provides an exhaustive list of pleadings:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-

2

> claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a) (emphasis added). Motions are not included in this list. Accordingly, motions are not pleadings. Because Rule 15 applies only to pleadings, Rule 15 does not require leave to amend motions. Moreover, a party is free to file a second motion for summary judgment at any time before the deadline for dispositive motions. <u>Cf.</u> <u>Cordoba v. Dillard's, Inc.</u>, 419 F.3d 1169, 1188 (11th Cir. 2005). Thus, Langkau was within his rights on July 25 in filing his second amended motion for summary judgment, which is currently pending before the Court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Erik T. Clay's Objection to the Filing of Crossclaimant Christopher Langkau as Personal Representative of the Estate of Ralph L. Langkau's Second Amended Motion for Summary Judgment/Motion to Strike/Motion to Dismiss (Doc. # 98) is **DENIED**.

2. Cross Claimant, Christopher Langkau as Personal Representative of the Estate of Ralph Langkau's Motion for Leave of Court to File Second Amended Motion for Summary Judgment (Doc. # 102) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 10th day of August 2007.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record