```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

OHIO NATIONAL LIFE ASSURANCE
CORPORATION,

        Plaintiff,

v.                                    Case No. 3:06-cv-290-J-33JRK

CHRISTOPHER LANGKAU and ERIK T.
CLAY,

        Defendants.
_____/

### **ORDER**

    This cause comes before the Court pursuant to Defendant Erik T. Clay's Compliance with Court Order (Doc. # 120), filed by Clay on December 5, 2007.  On November 29, 2007, the Court held a pretrial conference in this case.  Counsel for Christopher Langkau appeared.  Clay, who is proceeding pro se, failed to appear.  On top of his failure to attend the pretrial conference, Clay also failed to file a pretrial statement as required by the Court's case management and scheduling order (Doc. # 47) and Local Rule 3.06. Langkau's counsel represents that he contacted Clay's representative and advised of the need to meet and prepare a joint pretrial statement.  (Doc. # 117, at 1.)

    Under Rule 16, Federal Rules of Civil Procedure, the Court "<u>may</u> issue any just orders" as a sanction for a party's failure to

appear at a pretrial conference.[1] Fed. R. Civ. P. 16(f)(1) (emphasis added). However, "the court <u>must</u> order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

On November 29, 2007, the Court entered an Order directing Clay to show cause why he should not be sanctioned. Clay filed a timely response advancing essentially three arguments. First, Clay represents that case law led him to believe he was not required to attend the pretrial conference while Langkau's motion for summary judgment was pending, and thus his failure to attend was in good faith. Second, Clay argues that his error was isolated and does not merit sanctions. Finally, Clay argues that his error did not cause any prejudice to Langkau.

Clay is wrong on all counts. None of his arguments convinces the Court that an order imposing strong sanctions would be unjust. Similarly, it is quite clear that Clay's disobedience was not substantially justified and that the circumstances of this case would not make an award of expenses unjust. However, the Court declines to impose a harsh sanction against Clay and instead

---

[1] This includes the power to "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi) (listed as possible sanction under Fed. R. Civ. P. 16(f)).

imposes only the mandatory sanction of requiring Clay to pay Langkau's reasonable expenses and attorney's fees.

Clay represents that case law led him to believe he was not required to attend the pretrial conference. This representation is simply not credible. Clay cites eighteen Florida state cases from which he allegedly concluded that he did not need to attend the pretrial conference. None of these cases supports that conclusion. Instead, these cases were decided under the Florida Rules of Civil Procedure, which do not govern this case.

Most of these cases interpreted Florida Rule of Civil Procedure 1.420(e),[2] which provides,

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least 5 days before the hearing on the motion why the

---

[2]The other cases Clay cites counsel state trial courts to refrain from imposing strong sanctions on parties who commit minor infractions. While these cases may have caused Clay to believe he would pay little price for his failure to attend the pretrial conference, they could not have caused him to believe he was under no obligation to attend.

3

> action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

Fla. R. Civ. P. 1.420(e). The first case Clay cites, <u>Lukowsky v. Hauser & Metsch, P.A.</u>, supports the proposition that a trial court cannot dismiss an action under this rule when the reason a year passed without record activity is that the parties were awaiting the court's decision on a pending dispositive motion. 677 So. 2d 1383, 1383-84 (Fla. 3d DCA 1996). Indeed, the state appellate court explained that "the duty to proceed rests squarely upon the court" in such situations. <u>Id.</u> at 1384. Apparently, Clay submits that he thought this meant the litigants were not required to attend Court-ordered hearings while the Court was under a duty to proceed. The <u>Lukowsky</u> court decidedly did not relieve litigants of the obligation to attend court proceedings. A full reading of <u>Lukowsky</u>, even by a layman, could not have caused Clay to believe he was free to skip the pretrial conference.[3] In any case, the Florida Supreme Court abrogated <u>Lukowsky</u>, expressly disagreeing with the rule that "a trial court has a duty to proceed when there is a pending motion for which there has not been a disposition." <u>Patton v. Kera Tech., Inc.</u>, 946 So. 2d 983, 987 (Fla. 2006).

Clay has failed to identify any authority from which he could have concluded that he was relieved of his obligation to attend the

---

[3]Neither could any of the other, similar cases Clay cites have caused him to believe he was free to skip the pretrial conference.

4

pretrial conference. Indeed, Clay admits that Langkau's counsel explained that Clay was required to attend the pretrial conference. (Doc. # 120, at 2.) Thus, Clay's claim that he drew that conclusion is not credible.

Second, Clay argues that his failure to complete a pretrial statement was an isolated infraction. The Court treats this argument as relevant both to Clay's failure to complete the pretrial statement and to his failure to attend the pretrial conference. While the failure to attend the pretrial conference was Clay's most blatant misbehavior, it is not the first time he has impeded the progress of this litigation. In fact, the record reveals at least two other actions by Clay apparently designed to frustrate this litigation. In the early stages of this litigation, Clay sought to proceed through a non-lawyer representative holding a power of attorney. (Doc. # 19.) This has caused difficulties and required the expenditure of judicial resources.[4] (See Doc. # 78.) Second, Clay refused to participate in the preparation of the case management report. (Doc. # 31, at 10.) Clay took the position that a case management report was unnecessary because no

---

[4] The Court cautioned Clay that his representative must not engage in the unauthorized practice of law. Nevertheless, it appears the representative has continued to communicate with opposing counsel, and the representative's participation in this case continues to cause the Court concern. To ensure the efficient resolution of this matter, the Court now directs that Clay shall conduct his communications with Langkau's counsel either directly or through a licensed attorney. Clay shall not further communicate with Langkau's counsel through a non-lawyer representative.

5

action was pending before the Court granted Ohio National's interpleader complaint. (Doc. # 32-2.) As a result, the Magistrate Judge was forced to hold a hearing at which the case management deadlines were set. (See Doc. # 45.) The Court sympathizes with Clay's plight as a pro se litigant with a busy work and family life. However, the Court observes that Clay has not worked to bring this litigation to a speedy conclusion. Clay's failure to prepare a pretrial statement and attend the pretrial conference did not amount to a lone departure from an otherwise spotless record.

Finally, Clay argues that Langkau has not been prejudiced by Clay's failure to prepare a pretrial statement and attend the pretrial conference. This is incorrect. At the very least, Langkau has suffered the expense and delay of preparing for and attending an abortive pretrial conference.

Thus, Clay has failed to show good cause why he should not be sanctioned. Further, Clay's failure to attend the pretrial conference was not substantially justified, and there are no circumstances that would make it unjust to require Clay to pay Langkau's reasonable expenses -- including attorney's fees -- incurred in preparing for and attending the pretrial conference. Consequently, the Court must order Clay to pay such expenses. Fed. R. Civ. P. 16(f)(2). The Court elects to impose this sanction instead of any other sanction. See id. Within TEN DAYS of the

date of this Order, Langkau must file a statement of his expenses -- including attorney's fees -- incurred in preparing for and attending the pretrial conference.  This statement should be as detailed as possible, consistent with the need to protect confidential information.  If Clay objects to anything contained in this statement, Clay shall file specific objections within TEN DAYS of the date he is served with the statement.  Otherwise, Clay shall pay the expenses -- including attorney's fees -- by delivering to counsel for Langkau a certified check within THIRTY DAYS of the date Clay is served with the statement.

The Court has bent over backwards to accommodate Clay, but the Court will not penalize Langkau simply because Clay is proceeding pro se.  Therefore, the Court cautions Clay that he must scrupulously obey all Orders entered by the Court and abide by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  The Court now schedules a second pretrial conference[5] and gives the parties additional time to jointly file and prepare a pretrial statement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Within TEN DAYS of the date of this Order, Langkau shall

---

[5]Should Clay fail to appear at this pretrial conference, the Court will enter judgment against him by default.  If for any reason the pretrial conference is rescheduled or cancelled, Clay will receive explicit, written notice.  In the absence of such notice, Clay must attend.

7

file a statement of his expenses -- including attorney's fees -- incurred in preparing for and attending the pretrial conference. Langkau shall serve this statement upon Clay by mailing it to the following addresses:

```
Erik T. Clay                    Erik T. Clay
7028 SW 9th Street              C/o Patsy Campbell
Okeechobee, Florida  34974      2224 SW 19th Lane
                                Okeechobee, Florida  34974
```

2.  If Clay objects to this statement, Clay shall file his objection within TEN DAYS of the date he is served with the statement.

3.  If Clay does not object to this statement, Clay shall pay the amount stated within THIRTY DAYS of the date he is served with the statement. Clay shall pay by delivering a certified check to counsel for Langkau.

4.  The pretrial conference in this case is hereby rescheduled for March 27, 2008, at 2:30 p.m., in Courtroom 10D, United States District Court, 300 North Hogan Street, Jacksonville, Florida. Trial is set for the trial term beginning May 5, 2008, at 9:00 a.m., in Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.

5.  Clay shall conduct all further communications with counsel for Langkau either directly or through a licensed attorney. Clay shall not conduct such communications through a non-lawyer personal representative.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this

20th day of December 2007.

                                             /s/ Virginia M. Hernandez Covington
                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record