UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OHIO NATIONAL LIFE ASSURANCE
CORPORATION,

    Plaintiff Counter-
    Defendant,

v.                                Case No. 3:06-cv-290-J-33JRK

CHRISTOPHER LANGKAU, as Personal
Representative of the Estate of
Ralph L. Langkau,

    Defendant Cross-Claimant,

ERIK T. CLAY,

    Defendant Counter-
    Claimant Cross-Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Mandate of the United States Court of Appeals for the Eleventh Circuit (Doc. # 173), which reversed and remanded in part this Court's August 13, 2008, decision to award certain life insurance proceeds to Christopher Langkau--as the Personal Representative of the Estate of Ralph L. Langkau. (Doc. # 148).

Specifically, the Eleventh Circuit ruled: "We reverse the district court's order finding Langkau, as personal representative of the estate of Ralph Langkau, entitled to the proceeds of decedent Ralph Langkau's insurance policy and remand to the district court for further proceedings to determine whether and to what extent Clay was entitled to the proceeds as beneficiary or assignee of the policy." (Doc. # 173 at 30).

On March 9, 2010, after receiving the Eleventh Circuit's decision, this Court held a status conference and received written submissions from Clay and Christopher Langkau. (Doc. ## 176, 178, 181). For the reasons stated below, the Court finds that Clay is entitled to 100 percent of the insurance proceeds in question due to his status as the primary beneficiary of the insurance policy.

**Analysis**

As these proceedings have been ongoing in this Court for over four years, the Court need not recite the well-know facts of this case. The Court has received the opinion of the Eleventh Circuit and now finds that Clay is entitled to 100 percent of the insurance proceeds at issue based on Clay's status as the primary beneficiary of Policy # 6688890.

Before his death, Ralph Langkau named Clay as both the assignee and the primary beneficiary on the life insurance policy. The policy defines certain terms as follows:

> "**Assignment**" You may assign your rights under this contract as security for a loan or debt. We are not bound by an assignment unless we receive notice of it. The person to whom you assign your rights has a first claim on proceeds ahead of you and your beneficiaries except for irrevocable beneficiaries named prior to the assignment.
> "**Beneficiary**" You may name beneficiaries in the application or by notice to us. Unless provided in the application or in a later writing, beneficiary designations are revocable and the owner may change them at any time. . . . Beneficiaries have rights in the order named. Contingent beneficiaries will only receive proceeds if no prior beneficiary survives you. The rights of a beneficiary who dies before you will pass to

> living beneficiaries of the same class. If no beneficiary survives you, death proceeds will be paid to the owner or the owner's estate.

(Doc. # 16 at 13).

At the time Clay was named as assignee and primary beneficiary (January 26, 2004), Clay had a valid insurable interest (a pecuniary interest) in Ralph Langkau's life. This is because Clay owned property that Ralph Langkau contracted to purchase and there existed a valid mortgage for the sale of that property between Clay and Ralph Langkau.

Concerning Clay's status as the primary beneficiary of the policy, it matters not that, after signing the life insurance policy, the mortgage transaction was nullified. See McMullen v. St. Lucie County Bank, 175 So. 721, 722 (Fla. 1937)("[I]f the insurable interest existed at the time the insurance was secured, the fact that such interest is later cut off or for other reasons ceases to exist is of no consequence."). Thus, it is now clear to this Court that Clay is entitled to the insurance proceeds because he is the primary beneficiary of the policy, and his status as such has remained unchanged throughout these proceedings.

It is not necessary for this Court to address the less clear-cut issue of Clay's standing as assignee of the policy. The record shows that Ohio National Life Assurance Corporation had notice of the assignment to Clay. However, some courts have limited assignments pledged as collateral security for a debt (such as the

3

one in this case). See The Prudential Ins. Co. of AM. v. Glass, 959 P.2d 586, 592 (Okla. 1998)("[A] policy of life insurance may also be pledged as collateral security for a debt . . . . [and] the assignee's interest extends no farther than necessary to satisfy repayment of the debt") (citing Woofter v. Fourth Nat'l Bank of Tulsa, 78 P.2d 683 (Okla. 1938); Barry v. Hubbard, 155 P.2d 512, 515 (Okla. 1944). Further, as stated by Males v. N.Y. Life Ins. Co., 367 N.Y.S. 2d 575 (1975):

> [A]n assignment of an insurance policy as collateral security does not divest the insured or the beneficiary of their general interest in the policy, but merely creates a lien in favor of the assignee to the extent of the debt owned. Once the debt has been paid, the insurance policy continues in effect as if there had been no assignment. Moreover, if the insured dies prior to the repayment of the loan, the beneficiary of the policy and not the estate of the insured would be entitled to that portion of the insurance proceeds which exceeds the debt.

Id. at 579.

Due to the complexity of the mortgage transaction, including the agreement between Clay and Ralph Langkau to dissolve the mortgage, the Court cannot be certain about Clay's status as an assignee. Practically speaking, the issue of Clay's status as an assignee is a purely intellectual one at this point because, regardless of whether Clay is an assignee, Clay takes the proceeds of the life insurance policy.[1] If Clay's assignment had been

---

[1] The Court wholly rejects Christopher Langkau's legally unsupported argument that "[b]ased upon Langkau's equitable interest in the real property, Clay is not entitled to the proceeds

4

nullified (or limited) when the mortgage was dissolved, Clay would still be entitled to the proceeds as the primary beneficiary of the policy. Thus, in light of the Eleventh Circuit's findings that (1) the mortgage was valid and (2) Clay had a pecuniary interest in Ralph Langkau's life when Clay was named as a beneficiary, this Court determines that Clay, as the primary beneficiary of the life insurance policy, is entitled to 100 percent of the insurance proceeds. Clay may file a motion for prejudgment interest and costs within fourteen days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Clay is entitled to 100 percent of the life insurance proceeds from the Ohio National Life Insurance Policy # 6688890.
(2) Clay may file a motion for prejudgment interest and costs within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>25th</u> day of June 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

---

as beneficiary or assignee of the policy." (Doc. # 178 at 1).

5